CASE No. 866.

CARROLL v. STILL.

Where a sealed note, payable to A, as administrator, &c., has been transferred to B, who thereby became the legal owner and holder of it, an action on the note may be maintained in the name of "A, as administrator, &c., who sues for the sole use and benefit of B."

Before TOWNSEND, J., Edgefield, October, 1877.

The case is fully stated in the opinion of the court.

*Mr. A. J. Norris,* for appellant, cited *Code,* § 134; 6 *S. C.* 184; 25 *N. Y.* 625; 6 *Wall.* 134.

*Mr. J. L. Addison,* contra, cited *Code,* § 136; 6 *S. C.* 119.

April 24th, 1880.    The opinion of the court was delivered by

McGOWAN, A. J.    This action was brought by James P. Carroll, administrator of Preston S. Brooks, deceased, who sues in this behalf for the sole use and benefit of Robert G. M. Dunovant against Elijah Still, upon a note under seal, given to James P. Carroll, as administrator. The defendant filed what was styled a demurrer, in these words: "That if R. G. M. Dunovant is the holder and owner of said note, the action should have been in his name; and if J. P. Carroll, as administrator, is the holder and owner of said note, then the action should have been brought in his name." This demurrer was overruled, and the defendant appeals to this court.

The demurrer does not "distinctly specify the grounds of objection to the complaint," but states them hypothetically, and might have been disregarded. *Code,* § 168. We will, however, consider it as if it specified distinctly the ground of objection to the complaint under sub-division 2 of the Chapter on Demurrers, viz.: "That the plaintiff has not legal capacity to sue." Demurrers upon purely technical grounds are not favored, and the real question in the case is, not who ought to have brought the action, but whether, as it has been brought, it *can be* sustained upon principle and authority.

From the earliest history of this state down to the year 1870, when the code of procedure was adopted, the payee of a bond or note under seal, not being negotiable and not assigned under the act of 1798, was held to have the legal interest and to be the proper person to sue upon it, whether it had been transferred or not. That was not only the universal practice, but the only way in which such an obligation could be enforced in a law court.

The code of procedure made the following provisions on the subject: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in Section 136." *Code,* § 134; *Gen. Stat.* 594. The section referred to as making exceptions provides as follows: "An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another."

The latter provision expressly covers the case of a bond·given to an administrator, and why may not this action, in accordance therewith, be prosecuted in the name of James P. Carroll, as administrator, without reference as to who is the real party in interest? It was insisted that the exception does not include this case, for the reason that "Dunovant is a stranger to the administration of the estate of Brooks, and that the action is not brought by J. P. Carroll for any purpose connected with his trust as administrator," but it was stated on the other side with equal confidence, "that the note was turned over to Dunovant, as guardian for the eldest daughter of P. S. Brooks, deceased, as part of her distributive share of her father's estate, and that the note was never the private property of Dunovant." These statements are decidedly conflicting, but the court cannot accept either as affecting the judgment. The demurrer admits the truth of the statements in the complaint, and these are the only facts which are before us.

The complaint states that the instrument sued on is a note under seal; that it was given to James P. Carroll, as administrator of P. S. Brooks, deceased; and that it had been transferred for a valuable consideration to Dunovant, who is now the legal owner and holder of the same, whose name is also on the record as beneficiary plaintiff. In this state of facts, we do. not see why the plaintiff, James P. Carroll, may not maintain the suit as administrator. The exception in the code contains no qualification limiting the right to "purposes connected with the trust of administration," and we are not to assume any such thing. The

defendant does not deny his obligation to pay the note. No substantial right is involved. The case of *Sullivan* v. *Hellams,* 6 *S. C.* 184, is not analogous, for there the note was given to G. W. Sullivan in his individual capacity, and, therefore, never came within the exception. The case of *Billings* v. *Williamson,* 6 *S. C.* 119, is in point. That was the case of a bond given to Billings, as commissioner in equity, who had no interest in it except as a trustee of an express trust, and the bond had been transferred by operation of law to the clerk; yet the court sustained the action in the name of Billings, the payee, even after his office of commissioner had been abolished. In that case the court say : " It is possible that a strict compliance with mere technical form would have been better fulfilled if the complaint had been brought in the name of the clerk." So we may say in this case, that it is possible it would have been more technically correct if the action had been brought in the name of Dunovant; but the code declares, without qualification or limitation, that in such a case the administrator " may sue," and we are not to narrow, by construction, the express statutory provision, whether the administrator has or has not transferred the equitable interest in the single bill so made payable to him, and on that account falling within the exception.

The order below is affirmed and the appeal dismissed.

WILLARD, C. J., and McIVER, A. J., concurred.